IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JIMMIE ROOFENER )
and DEBORAH ROOFENER, )
)
Plaintiffs, ) TC-MD 160072R
)
v. )
)
WASHINGTON COUNTY ASSESSOR, )
)
)
Defendant. ) **FINAL DECISION OF DISMISSAL**[1]

This matter is before the court on Defendant's motion to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction.

Plaintiffs filed their complaint on March 14, 2016, requesting a reduction in the real market value of property identified as Account R771418 (subject property). In its Answer, filed April 13, 2016, Defendant requested that the case be dismissed unless the court determined that "good and sufficient cause" existed for Plaintiffs' "failure to appeal per ORS 305.288." (Answer at 1.) The parties and the court discussed Defendant's motion at the case management conference held May 2, 2016, and Plaintiff agreed to file a response to the motion by May 20, 2016. Defendant agreed to file a reply, if any, by May 31, 2016. Plaintiffs filed their Response on May 18, 2016; Defendant did not file a reply. This matter is now ready for the court's determination.

Plaintiffs' Complaint requests a reduction in the real market value of the subject property, as determined by Defendant. In most cases, the first step for a taxpayer to challenge the real

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered June 6, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

market value assigned to its property is to file a petition with the local county board of property tax appeals (BOPTA), no later than December 31 of the current year. *See* ORS 309.100. A taxpayer who is dissatisfied with the BOPTA order may then appeal to this court under ORS 305.275 within 30 days of the date of the order. *See* ORS 305.275(3) (providing that an appeal to the Magistrate Division is an appeal "from an order of the board"); ORS 305.280(4) (providing 30 days to appeal a BOPTA order to the Magistrate Division). If a taxpayer fails to timely appeal to BOPTA, then this court lacks jurisdiction to hear the appeal under ORS 305.275. *See Richardson v. Dept. of Rev.*, __OTR__ (Feb 19, 2016) (slip op at 2) ("As taxpayers did not appeal * * * to the appropriate BOPTA in the appropriate year, this route to relief is foreclosed.").

In limited circumstances, however, the court may consider an appeal of real market value even if the taxpayer failed to file a petition with BOPTA or failed to timely appeal a BOPTA order to this court. ORS 305.288(3) provides that "the tax court may order a change or correction * * * for the current tax year * * * if, for the year to which the change or correction is applicable, the * * * taxpayer has no statutory right of appeal remaining and the tax court determines good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal." Or in other words, when the taxpayer fails to appeal to BOPTA, the court may still have jurisdiction if the taxpayer can show "good and sufficient cause" for failing to appeal to BOPTA before filing a complaint in the Tax Court.

ORS 305.288(5)(b) provides the applicable definition of "good and sufficient cause":

"(A) * * * an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
"(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

In this case, there is no evidence that Plaintiffs filed a petition with BOPTA for the subject property for the tax year appealed. Therefore, the court concludes that it does not have jurisdiction to hear Plaintiffs' appeal under ORS 305.275, and the court must determine whether Plaintiffs' appeal meets the requirements of ORS 305.288(3).

Plaintiffs' Response did not identify any circumstances from which the court could find that "good and sufficient cause" existed for Plaintiffs' failure to appeal to BOPTA. Consequently, the court concludes that Defendant's motion to dismiss must be granted. Plaintiffs' appeal is dismissed. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted. Plaintiffs' appeal is dismissed.

Dated this ___ day of June 2016.


_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on June 24, 2016.*